**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL CARRICK,

Plaintiff - Appellant,

v.

SANTA CRUZ COUNTY; et al.,

Defendants - Appellees.

No. 13-16730

D.C. No. 5:12-cv-03852-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Paul Carrick appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging constitutional and statutory violations in

connection with legal proceedings relating to his real property.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Whitman v. Mineta*, 541

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 929, 931 (9th Cir. 2008), and we affirm.

The district court properly dismissed Carrick's § 1983 claims challenging the issuance and enforcement of citations on his property because the parties or their privies previously litigated the claims to final judgment in California state court. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (describing California res judicata requirements); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (California judgment is final for res judicata purposes after resolution of appeal).

To the extent Carrick alleged a denial of due process by the state court in ruling on discovery issues and entering judgment against him, the district court properly dismissed the claim as barred by the *Rooker-Feldman* doctrine. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).

The district court properly rejected Carrick's claim that it would be impossible to comply with the contempt order sought by the County of Santa Cruz, and properly denied Carrick's motion to enjoin the state court contempt proceedings. *See Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) (*Younger* abstention doctrine precludes federal interference with state court contempt proceedings); *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (setting forth *Younger* abstention requirements).

The district court also properly dismissed Carrick's additional claims challenging aspects of the state court contempt proceedings because review of alleged errors by the state court and relief from its rulings was barred under *Rooker-Feldman*, *see Henrichs*, 474 F.3d at 613, the civil contempt proceedings did not entitle Carrick to a jury trial, *see Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994), and Carrick did not allege that he was imprisoned or otherwise subjected to a punishment implicating the Eighth Amendment, *see Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977).

The district court properly dismissed Carrick's claims alleging errors in the recording of judgment liens against his property because Carrick's allegations did not plausibly assert any violation of the statutes at issue. *See* Cal. Civ. Code §§ 1171 ("Grants, absolute in terms, are to be recorded in one set of books, and mortgages in another."), 8460 (action to enforce lien shall commence "within 90 days after recordation of the claim of lien"), 8461 (plaintiff shall record notice of pendency "on or before 20 days after the commencement of the action").

Contrary to Carrick's contentions, the district court was not required to hold oral argument on the motions to dismiss, and was not required to take judicial notice of the unauthenticated exhibits submitted with the second amended complaint. We also reject Carrick's contentions regarding the impact of a land

patent applying to his property.

**AFFIRMED.**